U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 JUN 10 P 3: 25

CLERK
BY_____ /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| David T. Veale,<br>         Plaintiff,<br><br>     v.<br><br>United States of America<br>Department of Justice,<br>Anne E. Edwards, Brad W.<br>Simpkins, Unknown State<br>Police Officer from Troop<br>B, New Hampshire Attorney<br>General's Office,<br>Department of Resources<br>and Economic Development,<br>New Hampshire State Police<br>Troop C,<br>         Defendants. | File No. 1:05-CV-105 |

OPINION AND ORDER FILED UNDER SEAL
(Paper 5)

Currently pending before the Court is plaintiff David Veale's motion for *ex parte* preliminary and permanent injunctions. (Paper 5). This case arises out of a boundary dispute with respect to land that Veale allegedly owns in Bennington, New Hampshire. According to the allegations in the complaint, that dispute has resulted in civil and criminal actions brought against him by the State of New Hampshire. In his motion for *ex parte* injunctions, Veale argues that despite the pending state court actions, the boundary question is not being addressed. Consequently, Veale seeks an order enjoining

the civil and criminal cases pending against him in New Hampshire until the boundary dispute is resolved. Veale also asks for an injunction barring "future state actions" against him with respect to his use of the property in question. Finally, Veale states that service of process in this case has been delayed, and that an order for expedited service is required.

## Discussion

To obtain a temporary restraining order, the plaintiff must demonstrate that the order is necessary to prevent irreparable harm. In addition, the plaintiff must show either a likelihood of success on the merits of the case or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. See Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997). A temporary restraining order may be granted *ex parte*

> without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give

> the notice and the reasons supporting the claim
> that notice should not be required.

Fed. R. Civ. P. 65(b).

Veale has not satisfied the requirements for an *ex parte* order, as he has failed to provide an affidavit or verified complaint showing that relief must be granted prior to notification of the defendants. Furthermore, Veale has not shown that this Court should take action with respect to cases currently pending in the New Hampshire courts. In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court held that it was improper for a federal court to interfere with ongoing state criminal proceedings absent irreparable injury that is both great and immediate. Younger abstention also has been extended to state civil proceedings. See Trainor v. Hernandez, 431 U.S. 434 (1977). "Younger abstention is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir. 1999).

Three conditions must be present for a federal court to abstain: (1) there must be an ongoing state proceeding; (2) an important state interest must be

implicated; and (3) the petitioner must have an avenue for review of his constitutional claims in state court. See Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001). Here, all three conditions are met. As Veale himself alleges, there are ongoing civil and criminal matters in state court. The civil matters appear to include an "equity case for injunction" brought by the New Hampshire Attorney General's Office to enforce a cease and desist order with respect to Veale's cutting of wood on the disputed property. (Paper 4, ¶ 25). The criminal matters reportedly involve allegations of theft and timber trespass. Id. at ¶ 31. All of these allegations, brought by State and County officials, seek to enforce state laws and orders, and therefore implicate important state interests.

The third requirement for abstention is that Veale have an avenue for bringing his constitutional claims in state court. In his instant motion, Veale argues that the civil and criminal actions pending against him are in danger of denying him his "right to free speech and to petition his government for redress of his grievances," his "right to be secure from unlawful arrest,

4

prosecution, and searches and seizures of his property," his "right to be afforded due process and equal protection," and his "right to a speedy and impartial trial and adequate counsel . . . ."  (Paper 5 at 2). Veale does not argue, however, that he will be unable to raise these issues in the New Hampshire state courts. Indeed, New Hampshire case law makes plain that issues such as unlawful arrest, illegal search and seizure, equal protection, and ineffective assistance of counsel can all be reviewed by the state courts.  See, e.g., Giaimo v. MacKinnon, 2000 WL 1745171, at *3 (D.N.H. Oct. 20, 2000); State v. Flynn, 151 N.H. 378, 389-91 (2004).

Finally, Veale has failed to show evidence of extraordinary or unusual circumstances, such as bad faith prosecution, that would weigh against federal court abstention.  Accordingly, this Court must abstain from interfering in the actions currently pending against Veale in the New Hampshire state courts.

Similarly, this Court will not bar officials in the State of New Hampshire from enforcing the laws of that state.  Veale has failed to show that the threat of such action is immediate, as required for *ex parte* action

under Rule 65(b). His motion is also highly conclusory, and thus fails to sufficiently articulate why he may be likely to succeed on the merits of his claims. Furthermore, Veale has not shown that the balance of hardships, which in this case would include the public's interest in continued law enforcement, tips decidedly in his favor. Veale's motion for *ex parte* preliminary and permanent injunctions is, therefore, DENIED.

Conclusion

For the reasons set forth above, Veale's motion for *ex parte* preliminary temporary injunction and for permanent injunction and other relief (Paper 5) is DENIED. If service of process has not yet been effected upon the defendants, the U.S. Marshal Service shall effect such service. See Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Dated at Brattleboro, in the District of Vermont, this 10th day of June, 2005.

J. Garvan Murtha<br>
J. Garvan Murtha<br>
United States District Judge