```
                 UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

David T. Veale,                     :
    Plaintiff,                  :
                                :
    v.                          :      File No. 1:05-CV-105
                                :
United States of America            :
Department of Justice,              :
Anne E. Edwards, Brad W.            :
Simpkins, Unknown State             :
Police Officer from Troop           :
B, New Hampshire Attorney           :
General's Office,                   :
Department of Resources             :
and Economic Development,           :
New Hampshire State Police          :
Troop C,                            :
    Defendants.                 :

<u>OPINION AND ORDER</u>
(Papers 8, 9, 10, 17, 38 and 39)

Plaintiff David Veale has filed a series of motions, including two recent emergency motions, asking the Court to enjoin the civil and criminal cases pending against him in New Hampshire. Veale filed his first such motion *ex parte* early in the case (Paper 5), and the Court denied the motion (Paper 6). Veale has moved for reconsideration of that order (Paper 8), and has submitted several subsequent requests for injunctive relief (Papers 9, 10, 17, 38 and 39). For the reasons set forth below, Veale's motions are DENIED.

1

## Factual Background

The facts of this case were summarized in the Court's previous order (Paper 6), and are largely repeated herein. Veale's complaint alleges that he and his brother, Scott Veale, have a boundary dispute with their neighbors in Bennington, New Hampshire. Despite the existence of the dispute, the Veales have allegedly continued to occupy and take wood from the land. These activities have resulted in civil and criminal actions brought against the Veales by state and county officials in New Hampshire.

Veale claims that the despite the pending state court actions, the question of where the boundary line actually lies is not being addressed. Consequently, he seeks an order enjoining the civil and criminal cases pending against him until the boundary dispute is resolved. Motions to dismiss have been filed and Veale has opposed the motions, but reply briefing has not yet been completed. The motions to dismiss argue, *inter alia*, improper venue, lack of personal jurisdiction, *res judicata*, collateral estoppel and lack of subject matter jurisdiction.

## Discussion

To obtain a preliminary injunction, the plaintiff must demonstrate that the order is necessary to prevent irreparable harm. He must also show either a likelihood of success on the

merits of the case or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  See Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997).  While an injunction may not be granted without notice to the adverse party, Fed. R. Civ. P. 65(a), a temporary restraining order may be granted *ex parte*

> without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

Here, Veale has not satisfied the requirements for an *ex parte* order, as he has not provided an affidavit or verified complaint showing that relief must be granted prior to notification of the defendants.  Furthermore, as with his prior *ex parte* motion, Veale has not shown a likelihood of success.  As this Court explained previously, the Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 46 (1971), held that it is improper for a federal court to interfere with ongoing state criminal proceedings absent irreparable injury that is both great and immediate.  Younger abstention also has been extended to state civil proceedings.  See Trainor v.

3

Hernandez, 431 U.S. 434 (1977).  "Younger abstention is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir. 1999).

Three conditions must be present for a federal court to abstain: (1) there must be an ongoing state proceeding; (2) an important state interest must be implicated; and (3) the petitioner must have an avenue for review of his constitutional claims in state court. See Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001).  All three conditions are met here.  The pending civil and criminal matters brought by state and county officials seek to enforce state laws and orders, thereby implicating important state interests. Moreover, Veale's claims of constitutional violations are reviewable in state court.  See, e.g., Giaimo v. MacKinnon, 2000 WL 1745171, at *3 (D. N.H. Oct. 20, 2000); State v. Flynn, 151 N.H. 378, 389-91 (2004).

Furthermore, the merits of Veale's claim have been called into question.  Veale's claims of a conspiracy among government officials in New Hampshire, including members of the state's judicial branch, have previously been rejected by New Hampshire's federal court.  See  Veale v. United States, et al., 1999 WL 814334 (D. N.H. Sept. 1, 1999).  Also, the

4

defendants have raised a host of defenses, including sovereign immunity, lack of personal jurisdiction and improper venue. Veale has not yet persuaded the Court that his claims are likely to succeed in the face of these potential defenses.

In light of these considerations, the Court will not bar officials in the State of New Hampshire from enforcing the laws of that state.  The motion to reconsider (Paper 8) is DENIED.[1]  Veale's pending requests for injunctive relief (Papers 9, 10, 17, 38 and 39) are also DENIED.

### Conclusion

For the reasons set forth above, Veale's motion to reconsider (Paper 8) and subsequent motions for injunctive relief (Papers 9, 10, 17, 38 and 39) are DENIED.

Dated at Brattleboro, in the District of Vermont, this 27th day of December, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

[1] In addition to lacking substantive merit, Veale's motion to reconsider was filed more than 10 days after the Court's decision, and was therefore untimely.  See Local Rule 7.2(b).